UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JIMMY L. SMITH,  )
 )
    Plaintiff,  )
 )
v.  ) Civil Case No. 15-1521 (RJL)
 )
NANCY A. BERRYHILL,[1]  )
Acting Commissioner of Social Security,  )
 )
    Defendant.  )

MEMORANDUM OPINION
(September 18, 2017)
[Dkts. ## 11, 13]

FILED
SEP 1 8 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Plaintiff Jimmy L. Smith ("plaintiff") has filed this suit against the Acting Commissioner of the Social Security Administration ("SSA"). Plaintiff seeks judicial review of a decision of the SSA denying his application for disability benefits and supplemental security income under 42 U.S.C. § 405(g). On September 22, 2015, the case was referred to Magistrate Judge Deborah A. Robinson for full case management. *See* Dkt. # 3. Before Judge Robinson, plaintiff filed a Motion for Judgment of Reversal [Dkt. # 11] and the SSA filed a Motion for Judgment of Affirmance [Dkt. # 13].

Pending before this Court is Magistrate Judge Robinson's February 24, 2017 Report and Recommendation ("R & R") for the above-captioned case. *See* Dkt. # 17. Magistrate Judge Robinson recommended that the Court deny plaintiff's Motion for Judgment of Reversal and grant the SSA's Motion for Judgment of Affirmance. Pursuant

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security, and is automatically substituted as defendant pursuant to Federal Rule of Civil Procedure 25(d).

to Local Civil Rule 72.3(b), the parties were allowed 14 days to file objections to the recommendations made by Magistrate Judge Robinson. Not surprisingly, plaintiff objected to Magistrate Judge Robinson's R & R. *See* Pl.'s Objections to R & R ("Pl.'s Objs.") [Dkt. # 18].

When a party objects to a magistrate judge's recommended disposition, the Court reviews de novo those portions of the recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); LCvR 72.3(c). The Court may "accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate judge." LCvR 72.3(c). Upon consideration of Magistrate Judge Robinson's R & R, the parties' briefing, and the applicable case law and legal standards, the Court hereby ADOPTS Judge Robinson's recommendations, DENIES plaintiff's Motion for Judgment of Reversal [Dkt. # 11], and GRANTS the SSA's Motion for Judgment of Affirmance [Dkt. # 13] for the reasons briefly discussed below.

## BACKGROUND

The facts are ably summarized by Magistrate Judge Robinson in her report, *see* R & R at 1-3; therefore, only a brief overview is necessary. In 2012, plaintiff submitted applications to the SSA seeking disability insurance benefits as well as supplemental security income. Administrative Record ("AR") at 209-24 [Dkt. # 9]. In his materials, plaintiff stated that three conditions limited his ability to work: a heart implant, high blood pressure, and knee problems. *Id.* at 256. The SSA denied plaintiff's applications and his requests for reconsideration in September 2012 and January 2013, respectively. *Id.* at 105-15, 143-54.

Plaintiff then sought and received a hearing before a SSA Administrative Law Judge ("ALJ"). Following the April 2014 hearing, the ALJ denied plaintiff's applications for disability insurance benefits and supplemental security income. *See id.* at 34-53. To summarize, the ALJ concluded that, although plaintiff had a number of impairments, he had the "residual functional capacity" ("RFC") to perform certain types of sedentary work as defined in SSA regulations. *Id.* at 41 (citing 20 C.F.R. §§ 404.1567(a), 416.967(a)). Based on that RFC determination, the ALJ concluded that there were a significant number of jobs in the national economy that plaintiff could perform and that plaintiff therefore did not suffer from a "disability, as defined in the Social Security Act." *Id.* at 47. The SSA denied plaintiff's request for review of the ALJ's decision. *See id.* at 1-7. Having exhausted his remedies before the SSA, plaintiff proceeded to file the present action. *See generally* Compl. [Dkt. # 1].

Plaintiff attacks the decision of the ALJ on three primary grounds. First, plaintiff contends that the ALJ failed to properly weigh the medical opinion evidence provided by plaintiff's treating physicians when determining plaintiff's RFC. Second, plaintiff contends that the ALJ's RFC finding that plaintiff can perform limited sedentary work is not supported by substantial evidence. Third, plaintiff contends that the ALJ failed to properly evaluate plaintiff's credibility. In her R & R, Magistrate Judge Robinson rejected plaintiff's contentions. For all of the reasons discussed by Magistrate Judge Robinson and briefly elaborated upon below, I agree that plaintiff's claims fail.

## ANALYSIS

To begin, as Magistrate Judge Robinson noted, this Court will affirm a decision by the SSA if it is "based on substantial evidence in the record and correctly applies the relevant legal standards." *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004); *see also* 42 U.S.C. § 405(g). That review is "highly deferential to the agency fact-finder, requiring only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rossello ex rel. Rossello v. Astrue*, 529 F.3d 1181, 1185 (D.C. Cir. 2008) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). When evaluating the decision of an ALJ, a reviewing court "examines whether the ALJ has analyzed all evidence and has sufficiently explained the weight" given to "obviously probative exhibits." *Nicholson v. Soc. Sec. Admin.*, 895 F. Supp. 2d 101, 103 (D.D.C. 2012) (internal quotation mark omitted). A reviewing court "is not to review the case 'de novo' or reweigh the evidence." *Guthrie v. Astrue*, 604 F. Supp. 2d 104, 112 (D.D.C. 2009). When challenging an agency determination, the plaintiff "bears the burden of demonstrating that the Commissioner's decision was not based on substantial evidence or that incorrect legal standards were applied." *Cunningham v. Colvin*, 46 F. Supp. 3d 26, 33 (D.D.C. 2014) (internal quotation marks and brackets omitted).

Plaintiff first objects to the R & R's conclusion that the ALJ permissibly weighed the medical opinion evidence in the course of determining plaintiff's RFC. Pl.'s Objs. at 2-4. Under this Circuit's "treating physician rule," the opinion of a claimant's treating physician regarding the claimant's disability is "binding on the fact-finder unless contradicted by substantial evidence." *Butler*, 353 F.3d at 1003 (internal quotation marks

omitted). Thus, an ALJ who "rejects the opinion of a treating physician" must "explain his reasons for doing so." *Id.* (internal quotation marks omitted). Although an ALJ must explain "what weight he attaches to the treating physician's conclusions, or if he attaches none, his reason therefor," *id.* (internal quotation marks and brackets omitted), an ALJ "need not accept medical opinions that are internally inconsistent or contradicted by substantial evidence in the record," *Warfield v. Colvin*, 134 F. Supp. 3d 11, 20 (D.D.C. 2015).

Here, the ALJ chose to afford "very little weight" to the opinions of plaintiff's treating primary care physician, Dr. Onyeaghala. AR at 44. With respect to plaintiff's cardiologist, Dr. Burris, the ALJ afforded "significant weight" to the opinions regarding plaintiff's physical limitations, but gave "less weight" to the terminology employed by Dr. Burris – including Dr. Burris's use of the term "permanent disability." *Id.* at 45. Plaintiff contends that the ALJ's treatment of the treating physician evidence was improper. But as Magistrate Judge Robinson thoroughly explains, the ALJ's determinations were supported by substantial evidence. *See* R & R at 4-7. The ALJ explained that Dr. Onyeaghala's opinions were inconsistent with much of the evidence in the record and found little support in the doctor's treatment notes or treatment record. AR at 44. As for Dr. Burris, the ALJ declined to afford weight to the doctor's use of legal terminology. That decision was proper, as it is the agency, not a claimant's physician, that is responsible for making the legal determination that an individual is permanently disabled as that term is defined by law. *See* R & R at 7 (citing 20 C.F.R. § 404.1527(d)(1)). Moreover, the ALJ pointed out that Dr. Burris's opinion that plaintiff

"cannot do any work" was contradicted by evidence in the record, including Dr. Burris's own notes. AR at 45. I therefore agree with Magistrate Judge Robinson that the ALJ's treatment of the medical opinion evidence "is 'supported by substantial evidence in the record and is adequately explained in the ALJ's decision as required by law.'" R & R at 7 (quoting *Warfield*, 134 F. Supp. 3d at 20).

Plaintiff next objects to the R & R on the basis that it "does not address" plaintiff's argument that the ALJ's RFC finding is unsupported by substantial evidence. Pl.'s Objs. at 4. Upon review of the ALJ's RFC analysis, however, I conclude that the ALJ's determination is supported by substantial evidence. A claimant's RFC "is designed to determine the claimant's uppermost ability to perform regular and continuous work-related physical and mental activities in a work environment." *Butler*, 353 F.3d at 1000. In performing an assessment of an individual's RFC, the ALJ must identify the evidence that supports the RFC conclusion, "as well as the reasons for rejecting medical opinions in conflict with the ultimate RFC determination." *Id.*

In this case, the ALJ determined that plaintiff's RFC was limited to a modified range of sedentary work. *See* AR at 41. Plaintiff, who claims that he cannot perform even the limited scope of work contemplated by the ALJ's RFC determination, argues that the ALJ's finding is inconsistent with plaintiff's testimony at the hearing and plaintiff's treating physician evidence. As discussed elsewhere in this opinion, however, the ALJ adequately explained his choice to assign little weight to some of the opinions of plaintiff's treating physicians and permissibly determined that plaintiff's own statements were not credible. It's therefore little surprise that those pieces of evidence are not

consistent with the ALJ's RFC determination. Importantly, that is not to say that the ALJ's RFC conclusion lacked support in other record evidence. To the contrary, the ALJ discussed numerous pieces of evidence throughout his opinion that supported his ultimate RFC conclusion. That evidence includes, but is not limited to, the fact that plaintiff worked as a custodian after receiving a pacemaker in 2008 and only stopped working because his contract ended, AR at 43, 64; the fact that plaintiff had not been prescribed assistive devices for movement or stability and had been on a relatively conservative treatment regimen, *id.* at 40, 42; the fact that the consultative physical examiner did not find evidence of certain maladies when examining plaintiff, *id.* at 42-43; and the fact that plaintiff testified that he engaged in numerous activities – such as using public transportation, grocery shopping, and performing household chores – that the ALJ concluded "do not substantiate an inability to perform a desk job," *id.* at 44. To be sure, the medical evidence indicated that plaintiff suffers from pain in his lower extremities and back and should refrain from strenuous activities accordingly. *Id.* at 40. But the ALJ took that evidence into account when limiting plaintiff's RFC to a restricted range of sedentary work. *See, e.g., id.* at 40, 43-45. In short, the ALJ appropriately analyzed and assigned plaintiff's RFC.

Plaintiff's final objection is to the R & R's analysis of the ALJ's credibility determination – in particular, the R & R's conclusion that the ALJ permissibly determined that plaintiff's statements about his conditions were "not credible." Pl.'s Objs. at 6-7. Under *Butler*, an ALJ assessing a plaintiff's claim that he or she suffers from disabling pain must follow a two-step process. At the threshold, the ALJ must

7

assess plaintiff's "medical signs or laboratory findings evidencing a medically determinable impairment that could reasonably be expected to produce the alleged pain." *Butler*, 353 F.3d at 1004 (internal quotation marks omitted). It is undisputed that the ALJ followed that first step here, concluding that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms." AR at 42.

Having made that initial finding, the ALJ was then required to "assess[] the persistence and intensity of the claimant's pain as well as the extent to which it impairs [his] ability to work." *Butler*, 353 F.3d at 1004 (citing 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1)). As part of that analysis, the ALJ evaluated the credibility of plaintiff's statements regarding the severity of and limitations caused by his pain. The ALJ concluded that plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely credible." AR at 42. Plaintiff contends that the ALJ's credibility determination was not supported by substantial evidence. Like Magistrate Judge Robinson, I disagree. The ALJ fulfilled the duty to provide "specific reasons for the finding on credibility, supported by the evidence in the case record." *Butler*, 353 F.3d at 1005. For instance, the ALJ explained that plaintiff's claims regarding his pain and functioning were undermined by the evidence that plaintiff engaged in activities of daily living and lacked "any documented assistive devices" – evidence the ALJ concluded was "suggestive of greater abilities than as alleged." AR at 42; *see also* R & R at 9-10. The ALJ also noted that plaintiff's treatment history was inconsistent with plaintiff's claim of "disabling symptoms." AR at 43. The ALJ's analysis and discussion of the "specific reasons for the finding on credibility," reasons

that were "supported by the evidence in the case record," is sufficient under the standard of review applicable here. *Butler*, 353 F.3d at 1005.

## CONCLUSION

For the foregoing reasons, in addition to those given by Magistrate Judge Robinson in her R & R, plaintiff's claims fail as a matter of law. Accordingly, upon consideration of the entire record and de novo review of the objected-to portions of the R & R, the Court hereby ADOPTS Judge Robinson's recommendations, DENIES plaintiff's Motion for Judgment of Reversal, and GRANTS the SSA's Motion for Judgment of Affirmance. An Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge